[Crim. No. 7237.   Second Dist., Div. One.   May 9, 1961.]

THE PEOPLE, Respondent, v. BURROUGHS MADISON McGRAW, Appellant.

884

Nick N. Mrakich for Appellant.

Stanley Mosk, Attorney General, and Clara E. Kauffman, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment which in effect revoked an order granting probation, and reinstated the original sentence.

In an information filed in Los Angeles County on July 28, 1958, the defendant was charged with two counts of issuing checks with insufficient funds in violation of section 476a, Penal Code. The information also charged and set forth six prior felony convictions.

The defendant pleaded guilty to Count 1 of the information and admitted the first charged prior conviction. The minute entry recites in part: ". . . Other prior convictions denied and jury waived on issue re second, third, fourth and fifth prior convictions." Nothing is mentioned with reference to the sixth prior conviction.

The determination of the truth of the charges with reference to the priors was to be made at the time of sentence. Defendant made an application for probation and the judge permitted him to so apply although obviously the defendant was, at that time, not legally eligible to do so.

A later minute entry refers to "the *four* prior convictions." (Emphasis added.) The probation officer filed a report which set forth, among other things, that the defendant was above average intelligence, that he had used 23 aliases, had been in prison many times, was a repeated parole violator and that he had been arrested for the offense in question 13 days following his release from his last incarceration. The report further pointed out that when the defendant was interviewed by a representative of the probation department 35 years ago as a result of another forgery conviction, defendant appeared to be a "genius in the art of forgery" and that he should be "severely dealt with." The report also called attention to the fact that 23 years ago the defendant was charged with five counts of forgery and that the opinion of the probation officer was the same then as it had been previously. It was recommended in the present case that probation be denied.

On September 18, 1958, the matter came on to be heard. The defendant was represented by counsel. The minute entry of that day's proceeding recites, "All priors pending found true as alleged." Thereafter the entry recites only five of the six prior convictions so charged. Probation was denied and defendant was sentenced to the state prison for the time prescribed by law. Count 2 of the information was dismissed.

In the afternoon following sentence in the morning the defendant wrote a letter to the judge and in effect stated, among other things, that he, the defendant, had been in prison many years and such confinement had done him but little good and would the judge "reconsider your decision of this morning—I will be grateful."

On September 24, 1958, the judge ordered in effect that "Execution of sentence is ordered stayed to October 3, 1958."

On October 2, 1958, the defendant appeared in court in propria persona and the judge complimented him upon the letter he had written and further told the defendant, "You just have a very, very bad record, and your record certainly warrants the Court's prior sentence, that you go directly to State's Prison." The judge then indicated that he was inclined to revoke the prior sentence stating too that there was a serious question whether he had the legal right to do so.

The court then revoked the sentence previously imposed and sentenced the defendant to the state prison and thereupon suspended the execution of the sentence and placed defendant on 5 years' probation, a part of the terms being that de-

fendant spend 10 months in the county jail, make restitution, *not drink alcoholic beverages,* nor use narcotics, nor associate with narcotic users, seek employment upon being released, and obey all the laws. (Emphasis added.) The court minutes set forth "no finding having been made as to additional prior convictions."

On March 21, 1960, at a hearing on the revocation of probation, a trial judge found that the defendant had violated the terms of his probation. The court determined that the defendant had been convicted of two counts of robbery (the opinion with reference to which has this day been filed), and because of the convictions and defendant's use of alcoholic beverages probation was thereupon revoked.

The minute entry of that session states: "The sentence to State Prison, heretofore imposed and suspended October 2, 1958, is now ordered placed into full force and effect." The judge in effect apparently ordered that no finding be made with reference to the prior convictions charged in the information other than the one which defendant had previously admitted.

The judge at the original sentencing proceeding on October 2 had no legal right to grant probation. Under the law defendant should have been sentenced to either the county jail for a straight term or to the state prison.

Appellant now asserts that the revocation of probation was based entirely upon the ground that defendant was convicted of two counts of robbery. The record shows to the contrary as heretofore indicated. In any event, the defendant was not entitled to probation in the first instance.

The judgment and order revoking probation are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.